J-S52027-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CUONG PHAM, | : | |
| | : | |
| Appellant | : | No.  1958 EDA 2015 |

Appeal from the Judgment of Sentence March 23, 2015
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No(s): CP-51-CR-0014307-2011

BEFORE:    FORD ELLIOTT, P.J.E., STABILE, and STRASSBURGER,* JJ.

DISSENTING MEMORANDUM BY STRASSBURGER, J.:        **FILED NOVEMBER 22, 2016**

Because the Commonwealth did not present sufficient evidence to sustain a conviction for patronizing a prostitute pursuant to 18 Pa.C.S. § 5902(e), I respectfully dissent and offer the following analysis.[1]

---

[1] The Majority suggests that Appellant did not adequately develop this argument; therefore, we should not consider it. Majority at 4 n.1.

First, the trial court acknowledges that Appellant's 1925(b) statement preserved this exact issue.  The trial court opinion states that "[Appellant] argues that the Commonwealth failed [] to prove beyond a reasonable doubt that he possessed the intent to hire a prostitute or that he did in fact 'hire' a prostitute." TCO, 1/21/2016, at 3.

We recognize that Appellant's brief is somewhat inartful; however, within his challenge to the sufficiency of the evidence, Appellant argues that the evidence was insufficient because Appellant did not intend to "patronize the prostitutes." *Id*. at 27.  He goes on to state: "[W]hy didn't he show money, open[] the door, invite[] her in or ask[] her to follow him or initiate[] the conversation about money and the acts [].  What we have is all her solicitation to which he responded[.]" *Id*.  Based on the foregoing, this Court may address this issue.

*Retired Senior Judge assigned to the Superior Court.

Appellant was convicted for "hir[ing] a prostitute or any other person to engage in sexual activity with him." 18 Pa.C.S. § 5902(e). Here, Officer Rosenbaum testified that Appellant "pulled up to her … [and] told [her] that he wanted a blowjob. Officer Rosenbaum asked Appellant how much he was willing to pay and he said, $20.00." TCO, 1/21/2016, at 2 (quotation marks and citations to notes of testimony omitted). Officer Rosenbaum immediately signaled for back up.

While there is no case law directly on point with respect to sufficiency of the evidence for a section 5902(e) conviction, we can look to the case law that has developed for section 5902(a).[2] In **Commonwealth v. Potts**, 460 A.2d 1127, 1137 (Pa. Super. 1983), this Court held the evidence was sufficient to convict Potts of prostitution where she "accepted the money ($140.00) offered by Detective Toler to engage in a specific sexual act and she undressed in preparation for it."

Comparing **Potts** to the circumstances of this case, where no money exchanged hands, and Appellant did nothing further to indicate that he wished for Officer Rosenbaum to perform the blowjob,[3] I conclude that the

---

[2] This section of the statute criminalizes the acts of the prostitute. **See** 18 Pa.C.S. § 5902(a) ("A person is guilty of prostitution if he or she: (1) is an inmate of a house of prostitution or otherwise engages in sexual activity as a business; or (2) loiters in or within view of any public place for the purpose of being hired to engage in sexual activity.").

[3] The sex act does not have to be completed for a defendant to be found guilty under this statute. **Commonwealth v. Danko**, 421 A.2d 1165 (Pa. Super. 1980).

evidence was insufficient to sustain Appellant's conviction.[4] Accordingly, I would reverse Appellant's judgment of sentence.

---

[4] The evidence is sufficient to find Appellant guilty of criminal solicitation pursuant to 18 Pa.C.S. § 902(a) ("A person is guilty of solicitation to commit a crime if with the intent of promoting or facilitating its commission he commands, encourages or requests another person to engage in specific conduct which would constitute such crime or an attempt to commit such crime or which would establish his complicity in its commission or attempted commission."). In fact, Appellant was charged originally with both criminal solicitation and patronizing a prostitute. At the magistrate, Appellant was found guilty of criminal solicitation and not guilty of patronizing a prostitute. Appellant appealed for a trial *de novo* to the Court of Common Pleas, and the Commonwealth filed a new information which included only the patronizing a prostitute charge.